## Copeland v. Chadakoin Gas Corporation

*W. J. Knupp*, for plaintiff.
*Alexander & Clark*, for defendant.

ARIRD, P. J., July 9, 1936.—On October 9, 1935, a summons in assumpsit issued, and plaintiff's statement was filed. On November 27, 1935, the sheriff's return to the summons was filed. It read as follows:

"And now, to-wit: November 20, 1935 at 10:10 A.M., served the within Summons on the within named Chadakoin Gas Corporation, organized under the laws of the State of New York, by handing to C. F. Littlefield, Contractor for the above named Corporation, personally, at Leonhart Run in Pleasant Township, Warren County, Pennsylvania, a true and attested copy of the within Summons and making known unto him the meaning of the same."

On November 20, 1935, the sheriff made his return of serving plaintiff's statement, which reads virtually the same as the sheriff's return made on the summons. On December 17, 1935, a motion was directed to the prothonotary to enter judgment by default for want of an appearance and affidavit of defense. On this motion judgment was entered by the prothonotary. On December 19, 1935, execution issued.

The real question in the case is for the court to determine whether or not the Chadakoin Gas Corporation, defendant, was legally summoned to answer plaintiff's claim. We are not inclined to, and do not, contradict the sheriff's return. He states, as above quoted, "C. F. Littlefield, Contractor for the above Corporation . . . a true and attested copy . . ." As formerly stated, this return corresponds with the return made on plaintiff's statement.

Here is the definition for the word contractor used in a number of our courts: A contractor is one who in pursuit of an independent business undertakes to do specific jobs of work for other persons without submitting himself to their control with respect to all petty details of the work. Again, the term contractor is applicable to all persons following a regular independent employment. The following definitions for contractor are from Webster's New International Dictionary (2d ed.):

"1. One who contracts; a party to a bargain . . . specif., one who contracts to perform work, or supply articles on a large scale, at a certain price or rate".

In our opinion, the Acts of July 9, 1901, P. L. 614, April 3, 1903, P. L. 139, and June 8, 1911, P. L. 710, prescribing certain methods relating to service on a foreign corporation, do not repeal the Act of April 8, 1851, P. L. 353. Now the Act of April 8, 1851, P. L. 353, was enacted before the General Corporation Law of April 29, 1874, P. L. 73. The act provides:

"That in any case when any insurance company or other corporation shall have an agency or transact any business in any county of this Commonwealth, it shall and may be lawful to institute and commence an action against such insurance company or other corporation in such county, and the original writ may be served upon the president, cashier, agent, chief, or any other clerk, or upon any directors or agent of such company or corporation within such county, and such service shall be good and valid in law to all intents and purposes."

The Insurance Company Law of May 17, 1921, P. L. 682, specifically repeals the Act of 1851 as to insurance companies, but does not apply to the instant case. In our opinion the Act of 1851 has not been repealed. Consequently, it provides a method of service alternative with the methods prescribed by the Acts of 1901, 1903, and 1911, and not a substitute method. We have no reason to condemn or contradict the return made by the sheriff either on the summons or on plaintiff's statement. In our opinion, it is not in either case a valid service. As we look at this return made by the sheriff, if it is valid, then a plaintiff could go into the prothonotary's office, issue a summons, file a plaintiff's statement and then move before the prothonotary for judgment for want of an appearance and affidavit of defense.

Since writing the foregoing opinion we have examined the record and find another reason for striking off the judgment entered in this case. Where a judgment has

been entered against a defendant, and attorneys move to set aside the service, or move to open the judgment, the attorneys should examine the records carefully to see whether or not a judgment was properly entered, and the court should be informed as to the proceedings to have judgment entered, execution issued, etc. In the instant case, attorneys both on part of plaintiff and of defendant failed to call the court's attention to a proceeding wherein judgment was entered in favor of plaintiff and against defendant. Consequently, it was left for the court to examine the records and take cognizance of the facts. On the rule book we find the following:

"H. L. Copeland v. Chadakoin Gas Corporation, No. 40 December Term 1935.

"And now, December 17, 1935, comes the plaintiff by his attorney and moves for judgment in favor of the plaintiff and against the defendant by default for want of an appearance and affidavit of defense—amount to be liquidated by the prothonotary.

"W. J. Knupp.
"Plaintiff's Attorney."

Then we turn to the appearance docket and find that such judgment was entered. Now we know of no rule of court or any law that permits a plaintiff to have judgment entered for want of an appearance and affidavit of defense. If there was proper service, etc., judgment may be entered for want of an appearance, or of an affidavit of defense, but not for both. That is a fatal defect so far as entering judgment is concerned in this case.

While we have filed an opinion in part, at least, to the matters which were called to the court's attention relating to service of summons of plaintiff's statement, considering both the service and also the manner of judgment entered against defendant, the order dated January 22, 1936, wherein the court granted a rule on plaintiff to show cause why service of the writ and summons and return of service should not be set aside and why judgment in the above entitled case should not be stricken off, is made absolute.